Chancellors Dcsaussure and Janies
delivered their opinions S\;-paratelv, ¡n affirmance of the decree.
The decree of the Circuit Court in this cause, setting aside the purchases made by the defendant, atlhesaleof thp personal estate of his testator, is in my opinion correct. But I am not prepared to go (he whole length of the principle on which it proceeds. That would exclude executors and adm.nistratorsfrom purchasing on their own account, atsales of the estates under their charge, in any case whatever; and thus place them entirely on the footing of mere trustees. Perhaps a w.sepolicy would place them on that footing, where they had no interest ; but where they have an interest in the property it would seem to be too severe a rule to prohibit executors and admin,strators from purchasing at such sales, at least to the extent of their interest; and it *509 prohibited from purchasing- altogether, .even for the benefit of the oilier heirs, who might be incapable from minority, or other circumstances from protecting their own interests, that might be very prejud.cial. T would therefore permit executors and administrators to purchase for themselves at sales of the estate, ip which they have an interest, to the extent of that interest, provided the sale was made by proper authority, and conducted fairly, and a full price was given. And I would also-permit them in all cases to purchase for the benefit of the heirs, or others interested, to prevpnt a sacrifice of the property.
In the case under consideration, the defendant, Samuel Bison, had an interest to a little more than a fifth part of the property, but he purchased nearly the wliolp amount of the property. Mrs. Ferry was a minor, under the guardianship of this executor, and could not protecther-rights. He was bound as her guardian, to have taken care of them, but he did not. He made a bargain for lumsolfi tyhich has turned out very advantageously.
It is true that the price given does seem to have been a full one at the , time, but that does r,oi affect the question, where a trustee, or guardian, or executor, makes purchases of the estate on his own account, and for his own benefit- There are very strong reasons to believe that the sale was not intended to be a fair one, for tlig order for sale was obtained irregularly, and beyond the bounds of the jurisdiction of the Ordinary • as there was no pretence of any necessity to sell, in order to pay debts, or to preserve perishable property-, and the sale was made at a most improper season, well calculated to diminish the amount of the sales-
I am therefore of opinion, that the sale ought to beset aside, and. -hat the decree of the Circuit Court should be «(firmed.*
Hbiviiy W. Desausscbe.
*510 In this case I am of opinion the fhets shew that there was unfairne^J iii the sale :
First, — In the making it at all, there being no debts due by tho éstate, and no heirs of age at the time to claim a division.
Second, — In the time of the year when it was made; the crop being .on the ground, and sold in that state.
I am also of opinion, that the decree of the Circuit Court is correct otf general principles.
W. D. James,
It is ordered and adjudged that the decree of the Circuit Court be affirmed.
IlEsrnr W. Desausstjke,,
Thomas Waties,
W. D. James.
Chancellors Gaillard and Thompson differed from the majority eff the court, and were of opinion that the decree ought to be reversed. But they did not then furnish their reasons in writing.
The order made by the majority of the Court of Appeals, was, thSt %e decree of the Circuit Court should be affirmed*

 See 1 Maddock’s Chancery, 91. 18 Vez. 170, Burden re. Burden.